## GEORGE M. MITTNACHT, APPELLANT, v. JOHN KELLY, SHERIFF, &c., RESPONDENT.

*Words—Chattel Mortgage on Stock, "with increase and decrease thereof," void.*

A chattel mortgage with schedule attached stating that it covers "the whole stock of trade in goods, wares, and merchandise, the whole concern forming my grocery and liquor store, &c., with the *increase and decrease thereof,*" &c., until default in the payment of the money secured thereby, and providing that the mortgagor is to remain in quiet and peaceable possession of the goods and chattels, is void upon its face.

PARKER, J.—The Defendant was sued in the Court of Common Pleas of the city of New York, for levying upon a horse, wagon, and harness which the Plaintiff claimed under a chattel mortgage, which had been executed to him by the exécution debtor. The mortgage was given on the 12th of August, 1859, and the execution was issued on the 27th of September, 1859. Joseph Zorn, the mortgagor, carried on a family grocery store in Third street, in the city of New York. By the terms of the mortgage schedule, he mortgaged, in addition to the property in controversy, "the whole stock of trade in goods, wares, and merchandise, the whole concern forming my grocery and liquor store, known as number 93 Third street in the city of New York, *with the increase and decrease thereof,*" &c., and, until default in the payment of the money secured, the mortgagor was "to remain and continue in the quiet and peaceable possession of the goods and chattels, and the full and free enjoyment of the same." Upon the trial the Court dismissed the complaint upon the ground that the mortgage was void upon its face, as against the execution creditor, and judgment was entered for the Defendant. The General Term affirmed the judgment; and the only question brought by the appeal to this Court is, whether the mortgage is void upon its face.

The mortgaging the whole stock in trade, the whole concern forming the grocery and liquor store of the mortgagor, *with the increase and decrease thereof*, and the providing for the continued possession of the mortgagor, can have no other meaning than that

the mortgagee should all the time retain a lien on the whole stock by way of mortgage, the mortgagor making purchases from time to time and selling off in the ordinary manner; the intent being not to create an absolute lien upon any property, but a fluctuating one, which should open to release that which should be sold, and take in what should be newly purchased. This is just such an arrangement as was held, in Edgell *v.* Hart (5 Seld. 213), to render the mortgage void. The case cannot be distinguished from that, and the law as pronounced in that case must be held applicable to this.

True, in this case the horse, wagon, and harness in question did not constitute part of the stock in trade, which was the subject of the "increase and decrease" spoken of; yet if, as to the stock in trade, the mortgage was fraudulent as against creditors, that fraud infected the whole mortgage, and it is wholly void (Goodrich *v.* Downs, 6 Hill, 438; Mackie *v.* Cairns, 5 Cow. 547, 580; Grover *v.* Wakeman, 11 Wend. 187, 225).

I am of the opinion, therefore, that the judgment appealed from should be affirmed.